# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40306
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MINKAH RA RASHAAD,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-295-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appealing his conviction, pursuant to his conditional guilty plea, for conspiracy to transport undocumented aliens in violation of 8 U.S.C. § 1324(a)(1)(A), (B), Minkah Ra Rashaad challenges the denial of his motion to suppress the evidence from a stop-and-search of the tractor-trailer he was driving. Rashaad contends the Laredo Police Department officer who conducted the traffic stop lacked reasonable suspicion that a traffic violation

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-40306

occurred; and, additionally, that the Homeland Security Investigations (HSI) agents lacked reasonable suspicion to extend the stop and detain Rashaad while conducting an alien-smuggling investigation. The district court's legal conclusions are reviewed *de novo*; its factual findings, for clear error. *United States v. Andres*, 703 F.3d 828, 832 (5th Cir. 2013).

A magistrate judge conducted the suppression hearing and submitted a report and recommendation. It was accepted by the district court after reviewing the record and considering the objections to the report and recommendation, as detailed in the district court's comprehensive order.

In the separate appeal by Rashaad's passenger and codefendant, Sherine Ovanna Watson, our court determined reasonable suspicion supported both the initial police stop and HSI detention during the alien-smuggling investigation. *United States v. Watson*, 751 F. App'x 592, 593–94 (5th Cir. 2019). Although unpublished, *Watson* is highly persuasive given the identical facts. *See United States v. Simkanin*, 420 F.3d 397, 417 n.22 (5th Cir. 2005). Accordingly, we agree with the conclusion there was reasonable suspicion for the stop and detention. *See Watson*, 751 F. App'x at 593–94.

Additionally, Rashaad contends HSI agents lacked probable cause to search the trailer after a canine alerted twice to the presence of narcotics or concealed-humans in the trailer. Rashaad asserts the canine was unreliable because: the dog initially failed to alert at one of the locations, but later did; and, there was no evidence of his performance in the field from the date of his certification in January 2017 to the date of the search that March.

Because the canine was certified in detecting narcotics and concealed humans, the dog's alerts are presumed to have provided probable cause for the search. *See Florida v. Harris*, 568 U.S. 237, 246–47 (2013) ("If a bona fide organization has certified a dog after testing his reliability in a controlled

setting, a court can presume . . . that the dog's alert provides probable cause to search".).   A reasonable view of the evidence supports the district court's finding that the second alert (from a standing position at the seam of the rear doors) was at a location distinct from the initial non-alert (at the "rear doors"). *Cf. United States v. Massi*, 761 F.3d 512, 520 (5th Cir. 2014).   Moreover, even if the non-alert and the subsequent alert occurred at the same location, the handler's explanation that the canine alerted on the second pass due to "odor availability" is consistent with *Harris* and supports a finding of probable cause.

Along that line, the inability to confirm the accuracy of the dog's performance in the field does not prove canine error. *See Harris*, 568 U.S. at 245–46.   The dog's satisfactory performance in the controlled-testing environment was a better indicator of his reliability than his field performance. *See id.* at 245–47.

Rashaad's remaining challenges to the canine's alerts are not supported by the record.   The handler did not testify the canine was accurate only 50% of the time, the canine's training performance score did not fall below the required score, and there was no evidence the dog's score indicated an accuracy rate of only 50%.

To the extent Rashaad also contends the magistrate judge erred by excluding testimony about the canine's reliability in the field, he likewise fails to show error.   The magistrate judge determined the issue was beyond the scope of Rashaad's motion to suppress, and that suppression issues not raised before the district court's deadline for pretrial motions were waived.   Contrary to an assertion here by Rashaad, the canine's handler did not raise the issue in his testimony.   Rashaad does not otherwise dispute or show any abuse of discretion in the ruling that he waived the issue by failing to timely raise it in his motion to suppress. *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir.

2011) (citing former Federal Rule of Criminal Procedure 12(e), which became Rule12(c)(3) in a 2014 amendment); Fed. R. Crim. P. 12(c)(1), (c)(3).

In sum, the totality of the circumstances included two alerts to the trailer by a recently-certified Customs and Border Patrol canine.  The circumstances also included contemporaneous, corroborated information from a known tipster that the tractor-trailer was engaged in alien-smuggling that night, as well as the determination of an experienced HSI agent that the tractor-trailer's movements were consistent with alien smuggling.  *See Watson*, 751 F. App'x at 593.  All of these facts surrounding the canine's alerts, "viewed through the lens of common sense, would make a reasonably prudent person think that a search would reveal contraband or evidence of a crime".  *Harris*, 568 U.S. at 248.  Accordingly, there was probable cause for the search.  *See id.*

Finally, Rashaad asserts he was denied due process and his right of confrontation because he was not allowed to question the canine's handler about the dog's field performance from the date of the certification in January to the date of the search in March.

Because Rashaad did not raise these issues in his objections to the magistrate judge's report and recommendation, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012); *United States v. Young*, 585 F.3d 199, 202 (5th Cir. 2009).  Under that standard, Rashaad must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

Rashaad does not address why the magistrate judge excluded the testimony:  his failure to timely challenge the reliability of the canine's field performance in a motion to suppress.  He cites no authority for the proposition that enforcing the timeliness requirement in Rule 12 violates due process or

the Confrontation Clause.  To the extent Rashaad relies on *Harris* to claim he was entitled to pursue the issue of the dog's reliability in the field, the Court held that a defendant challenging a canine alert should be allowed to present his "best case, consistent with the usual rules of criminal procedure".  *Harris*, 568 U.S. at 247.   Rashaad's untimely attempt to raise the issue was inconsistent with Rule 12.  *See* Fed. R. Crim. P. 12(c)(3).  For all of these reasons, he fails to show the requisite clear or obvious error for our plain-error review.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.